IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-00240-CMA-KLM

CHRIS WOOLEY,

    Plaintiff,

v.

INDIGO AG, INC.,

    Defendant.

## ORDER

    This matter is before the Court on Defendant Indigo Ag, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc # 52). For the following reasons, the Motion is granted as to Plaintiff's Fourth Claim for Relief (Failure to Hire) and denied as to all other claims.

### I.    BACKGROUND

    This is an employment discrimination case. Plaintiff, Chris Wooley, is a 50-year-old African American man. (Doc. # 46, ¶ 7). From December 2018 until May 2019, Mr. Wooley worked as a Regional Account Manager at Indigo Ag., Inc., an "agricultural input and grain marketing" company. (Doc. # 46, ¶¶ 10, 11, 26). Mr. Wooley was fired from Indigo on May 7, 2019, (Doc. # 46, ¶ 26), and he now alleges that he was fired due to his race and his age. He is suing Indigo, alleging racial discrimination, age

discrimination, retaliation, and "Failure to Hire due to Race/Color/Age" (Doc. # 46, ¶¶ 42-70).

Indigo now moves to dismiss Mr. Wooley's claims. (Doc. # 52). Indigo contends that Mr. Wooley's Amended Complaint ("Complaint") fails to state a plausible claim for relief racial discrimination or age discrimination and fails to allege any legal basis for Mr. Wooley's retaliation and failure-to-hire claims (Doc. # 52, pp. 3-13).

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted).

## III.  ANALYSIS

### A.  CLAIM ONE: RACIAL DISCRIMINATION

Indigo first argues that Mr. Wooley's race-discrimination claim is subject to dismissal because Mr. Wooley's allegations suggest only the "mere possibility" of discrimination, which is not enough to satisfy the applicable pleading standard. (Doc. # 52, p. 6). The Court disagrees.

Mr. Wooley alleges that he was a victim of racial discrimination in violation of Title VII of the Civil Rights Acts of 1964; the Civil Rights Act of 1866 (42 U.S.C. § 1981); and the Colorado Anti-Discrimination Act ("CADA"). (Doc. # 46, ¶¶ 42-56). Under all these statutes,[1] it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

---

[1] CADA closely parallels the language of its federal counterpart. *see Colo. Civil Rights Comm'n v. Big O Tires, Inc.,* 940 P.2d 397, 399 (Colo.1997).; *see also* 10A C.R.S. § 24–34–402 (2008), 42 U.S.C. § 2000e–2(a) (1994). Therefore, Colorado and federal law apply the same standards to discrimination claims. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802–804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (addressing Title VII claim); *Colo. Civil Rights Comm'n v. Big–O–Tires, Inc.*, 940 P.2d 397, 400 (Colo.1997) (adopting McDonnell Douglas framework).

Further, the same standard applies to federal claims brought under Title VII and § 1981. *See Crowe v. ADT Sec. Svcs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) ("A plaintiff may prove violation of Title VII or 42 U.S.C. § 1981 – the standards are the same – either by direct evidence of discrimination, or by adhering to the burden-shifting framework of *McDonnell Douglas*[.]" (internal citations omitted).

Therefore, the Court applies the same standard to all of Mr. Wooley's racial discrimination claims.

conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "[A]n unlawful employment practice is established," if the plaintiff can demonstrate that his race "was a motivating factor for any employment practice, even though other factors also motivated the practice." *Id.* § 2000e-2(m). A plaintiff can prove an employment discrimination claim one of two ways: (1) by presenting direct evidence of discrimination;[2] or (2) by using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 213 (2015). Mr. Wooley does not allege the existence of any direct evidence of discrimination in this case. Therefore, he must rely upon the burden-shifting framework set forth in *McDonnell Douglas*.

Under *McDonnell Douglas*, the plaintiff in an employment-discrimination case bears the initial burden of establishing a prima facie case of racial discrimination at trial. 411 U.S. at 802. To make out a prima facie case of discrimination under *McDonnell Douglas*, a plaintiff must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position at issue; and (4) he was treated less favorably than others not in the protected class. *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007). Once he does so, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the termination. *Id*.

---

[2] Direct evidence is evidence that, "if believed, proves the existence of a fact without inference or presumption." *Punt v. Kelly Services*, 862 F.3d 1040, 1048 (10th Cir. 2017) (internal quotations omitted).

While the McDonnell Douglas framework is not formally a pleading standard, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002), it guides the Court in determining whether a plaintiff has plausibly alleged an employment-discrimination claim. *See Messina v. Kroblin Transp. Sys., Inc.*, 903 F.2d 1306, 1308 (10th Cir. 1990) ("The McDonnell Douglas inferences provide assistance to a judge as he addresses motions to dismiss[.]"); *Morman v. Campbell Cnty. Memorial Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015) ("[T]o evaluate whether [the] complaint survives a motion to dismiss, absent direct evidence of discrimination, we examine the first step of the *McDonnell Douglas* framework").

Applying the *McDonnell Douglas* framework to the allegations in Mr. Wooley's Complaint, the Court finds that Mr. Wooley has alleged sufficient facts to state a plausible claim for racial discrimination. Mr. Wooley has plausibly alleged that (1) he was a member of a protected class "based on his race/color (African-American/Black)" (Doc. # 46, ¶ 28); (2) he suffered an adverse employment action – namely, being placed on a performance improvement program and being fired from his job at Indigo (Doc. # 46, ¶¶ 15, 26); (3) he was qualified for the position and in fact performed very well during his time at Indigo, receiving a bonus and managing the top performing region in the company (Doc. # 46, ¶¶ 13-14); and (4) he was treated less favorably than others not in the protected class, who were not fired or placed on performance improvement programs (Doc. # 46, ¶¶ 16, 19). These allegations establish a plausible claim for race discrimination in employment under the *McDonnell Douglas* framework, and they suffice to overcome Defendant's Motion to Dismiss.

### B. CLAIM TWO: AGE DISCRIMINATION

Indigo next argues that Mr. Wooley's age-discrimination claim is subject to dismissal for failure to state a claim. The Court disagrees.

The *McDonnell Douglas* framework also applies to age discrimination cases. *See Jones*, 617 F.3d at 1278 (determining *McDonnell Douglas* framework is appropriate for ADEA claims); *see also Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 920 (10th Cir. 2004) (applying the framework to an ADEA termination claim). To establish a prima facie case of age discrimination, the plaintiff must show that he was: (1) within the protected class of individuals 40 or older; (2) doing satisfactory work; (3) terminated from employment; and (4) replaced by a younger person. *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1056 (10th Cir. 2020). If a plaintiff establishes a prima facie case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas*, 411 U.S. at 802. Once the employer meets its burden, the plaintiff must then establish that the employer's proffered reasons were only pretext for discrimination. *Jones*, 617 F.3d at 1278.

Mr. Wooley has plausibly alleged that (1) he is 50 years old, and thus within the protected class of individuals 40 or older (Doc. # 46, ¶ 7); (2) he was doing satisfactory work, managing the top performing region in the company and earning a bonus (Doc. # 46, ¶¶ 14, 30, 45, 52); (3) he was placed on a performance improvement plan and then terminated from his employment at Indigo (Doc. # 46, ¶ 26); and (4) he was replaced by a younger person (Doc. # 46, ¶¶ 27). These factual allegations establish a plausible claim for age discrimination.

Indigo argues, however, that there are other facts alleged in the Complaint that undermine Mr. Wooley's claims of discrimination. (Doc. # 52, 10-11). For example, Indigo points out that other Regional Accounting Managers were over the age of 40 but were apparently not placed on a performance improvement plan, and that there was simply a lot of turnover among the Regional Accounting Managers generally. (Doc. # 52, pp. 10-11). These arguments fail. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201(citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1108. When all of Mr. Wooley's factual allegations are presumed true and construed in the light most favorable to Mr. Wooley, they establish a plausible claim for age discrimination. The Court need not weigh countervailing evidence at this stage to determine whether the claim is likely to succeed.

C.     CLAIM THREE: RETALIATION

Indigo next argues that Mr. Wooley's retaliation claim is subject to dismissal because it (1) fails to identify what law was violated and (2) fails "to allege facts sufficient to establish the necessary timeline between the purported protected activity and adverse action." (Doc. # 52, p. 11). The Court disagrees.

As an initial matter, the Court finds that Mr. Wooley has established the legal basis for his retaliation claim. On page two of the Complaint, Mr. Wooley states that he

7

was "wrongfully and unlawfully discriminated against . . . in retaliation for engaging in protected activity in violation of the Colorado Anti-Discrimination Act (CADA) and Federal law." (Doc. # 46, p. 2). The relevant "Federal law" is identified in paragraph 1 of the Complaint. (Doc. # 46, p. 2). Although Mr. Wooley could have stated the basis for this claim more clearly, the claim is nevertheless sufficiently clear to put Indigo and the Court on notice of the basis for the claim in accordance with Rule 8 of the Federal Rules of Civil Procedure.

As to the claim's viability, the Court finds that Mr. Wooley has pled a plausible retaliation claim sufficient to overcome Indigo's Motion to Dismiss. Retaliation claims, like Mr. Wooley's other discrimination claims, are reviewed under the *McDonnell Douglas* burden-shifting framework. *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014). To establish a prima facie case of unlawful retaliation, a plaintiff must demonstrate that "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the adverse employment action." *Id*. Specifically, with respect to causation, the plaintiff must establish "that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Id*., quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Mr. Wooley has alleged facts which, if proven, would satisfy his burden under the *McDonnell Douglas* framework. He has alleged that (1) he engaged in the protected activity of lodging a complaint of discrimination with Indigo's Human Resources Department in early May, 2019 (Doc. # 46, ¶¶ 24-25); (2) he suffered the adverse

employment action of being fired from his job (Doc. # 46, ¶ 26); and (3) there is a causal connection between the protected activity and the adverse action – specifically, that the two events were close in time and that there is a lack of evidence suggesting a non-retaliatory motive (Doc. # 26, ¶¶ 24-26). *See O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001) ("A causal connection may be shown by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.").

Indigo argues, however, that because Mr. Wooley has failed to identify the date on which he complained of discrimination, he has failed establish a timeline of the relevant events, and he has thus failed to adequately plead causation. (Doc. # 52, p. 12). The Court disagrees. Mr. Wooley alleges that he complained of discrimination in early May and was fired in early May. (Doc. # 46, ¶¶ 24, 26). Taking these allegations in the light most favorable to Mr. Wooley, the Court finds that he has alleged sufficient facts to overcome Indigo's dismissal motion.

### D. CLAIM FOUR: FAILURE TO HIRE

Indigo next seeks dismissal of Mr. Wooley's failure-to-hire claim on the ground that the Complaint (1) "does not identify what law is at issue," (2) fails to "supply facts showing that his rejection was because of any protected status," and (3) supplie[s] no facts supporting his qualifications as compared to the job requirements, which are also unspecified. (Doc. # 52, pp. 13-14). The Court agrees with Plaintiff's third argument, and therefore dismisses Mr. Wooley's failure-to-hire claim.

Like Mr. Wooley's other claims, this claim is subject to review under the *McDonnell Douglas* framework. *See McDonnell Douglas*, 411 U.S. at 801-02. To establish a prima facie failure-to-hire case, a plaintiff must show that (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. *Id*. at 802.

Mr. Wooley has failed to allege sufficient facts to establish the second element of his failure-to-hire claim: qualification. Plaintiff alleges that, after being fired from Indigo, he applied for a Key Account Manager position and another unspecified position "for which he was qualified," but that he was rejected from both jobs despite his qualifications. (Doc. # 46, ¶¶ 38-39). However, Mr. Wooley fails to state what qualifications these two positions required, or how he met those qualifications. Indeed, he fails to even say what the second position was. Instead, he simply offers the conclusory statement that both positions were jobs "for which he was qualified." (Doc. # 46, ¶¶ 38, 39). The court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc.*, 161 F.3d at 1262. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). Mr. Wooley has failed to offer facts which, if proven, would establish that he was, in fact, qualified for the positions to which he applied. He offers only unsupported conclusions. Such

conclusions are insufficient to establish a cause of action, and they do not survive dismissal.

### E.  REQUEST FOR DISMISSAL OF CADA CLAIMS

Finally, Indigo requests that this Court decline to exercise supplemental jurisdiction over Mr. Wooley's CADA claim in the event that his federal claims are dismissed. Because the Court is not dismissing all of Mr. Wooley's federal claims, it need not address this argument.

### IV.  CONCLUSION

For the foregoing reasons, Defendant Indigo Ag, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc # 52) is GRANTED IN PART and DENIED IN PART. It is

ORDERED that the Motion is GRANTED with respect to Plaintiff's Fourth Claim for Relief – Failure to Hire (Doc. # 46, ¶¶ 63-70), and that claim is DISMISSED. It is

FURTHER ORDERED that the Motion is DENIED with respect to all other claims. It is

FURTHER ORDERED that any motion for leave to amend the Complaint shall be filed on or before September 28, 2022.

DATED:  September 21, 2022

                                                        BY THE COURT:

                                                        _____
                                                        CHRISTINE M. ARGUELLO
                                                       Senior United States District Judge