IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-00240-CMA-KLM

CHRIS WOOLEY,

    Plaintiff,

v.

INDIGO AG, INC.,

    Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTION TO ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendant Indigo Ag, Inc.'s ("Indigo") Objection (Doc. # 178) to the April 17, 2023 Order (Doc. # 175) of United States Magistrate Judge Kristen L. Mix. For the following reasons, the Court overrules the Objection.

### I.    BACKGROUND

The Court provided a recitation of the factual background of this case in its September 21, 2022 Order Granting in Part and Denying in Part Indigo's Motion to Dismiss Plaintiff Chris Wooley's Amended Complaint. (Doc. # 110 at 1–2.) The Court incorporates that recitation by reference and recounts only the procedural history necessary to address Indigo's Objection.

On December 12, 2022, Mr. Wooley filed a Motion for Sanctions Pursuant to Federal Rule of Evidence 37. (Doc. # 117.) In this Motion Mr. Wooley requested, amongst other things, the opportunity to redepose Ms. Rachel Raymond[1] as a sanction for Indigo's disclosure of hundreds of pages of discovery shortly before and following Ms. Raymond's initial deposition in June 2022. (*Id*. at 2–3.) The Motion was referred to the Magistrate Judge who, in turn, referred it to the Special Master. (Docs. ## 118–19.)

Following full briefing and an in-person hearing, the Special Master issued a Recommendation (Doc. # 153) which held, in pertinent part, that "Indigo made a timely 'rolling' production of documents in advance of the June 24, 2022 discovery deadline, so as to enable all counsel to be available for the June 27, 2022 Raymond deposition." (Doc. # 153 at 2.) Therefore, the Special Master recommended denying Mr. Wooley's request for a second deposition of Ms. Raymond. (*Id.*) However, as Judge Mix notes in her Order, and as Indigo acknowledges in its Objection, "there was no explicit discussion by the Special Master regarding documents produced **after** Ms. Raymond's deposition took place." (Doc. # 175 at 5 (emphasis added)); *see also* (Doc. # 178 at 2.) Mr. Wooley timely objected to the Special Master's Recommendation (Doc. # 159), pointing to this oversight and restating his request for sanctions against Indigo in the form of a second opportunity to depose Ms. Raymond.

Judge Mix "fully agree[d] with the Special Master insofar as the Recommendation" went and found "that there is insufficient evidence . . . that these

---

[1] Ms. Raymond is Indigo's former Chief Operating Officer and Mr. Wooley's former supervisor who was the decision maker behind his termination. (Doc. # 46 at ¶¶ 15, 26.)

2

later-produced documents were 'untimely' under Fed. R. Civ. P. 26(e) or [], even if they were, that sanctions should be imposed." (Doc. # 175 at 5.) However, Judge Mix concluded that "Plaintiff is entitled to a short supplemental deposition focused solely on the documents produced by [Indigo] after June 27, 2022." (*Id.*)

Indigo now objects to Judge Mix's Order. (Doc. # 178.) Mr. Wooley filed a Response to the objection. (Doc. # 179.)

## II.   LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court may modify or set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court must affirm a Magistrate Judge's decision unless the Court finds that the Magistrate Judge abused his or her discretion or, if after reviewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West. Comms., Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III.   DISCUSSION

Indigo objects to Judge Mix's order permitting Mr. Wooley two and a half hours of additional time to depose Ms. Raymond. (Doc. # 178.) Indigo argues that by allowing the exact sanction that Mr. Wooley sought, while simultaneously concluding that sanctions were not warranted, Judge Mix's order violates Federal Rule of Civil Procedure 37. (*Id.* at 4–5.) Indigo also asserts that the second deposition of Ms. Raymond violates Rule 26 because it would be duplicative, unduly inconvenient and

3

burdensome, and needlessly expensive. (*Id.* at 6–9.) Finally, Indigo avers that Judge Mix's order is erroneous because Mr. Wooley did not argue, and the Court did not find, that good cause exists for modifying the scheduling order as required by Rule 16. (*Id.* at 9–10.)

In response, Mr. Wooley points out that the Federal Rules of Civil Procedure permit the Court to grant additional time for depositions absent sanctionable conduct. (Doc. # 179 at 3–4 (citing Fed. R. Civ. P. 26, 30).) Therefore, according to Mr. Wooley, Judge Mix's order is not clearly erroneous. (*Id.*) Mr. Wooley also contends that Judge Mix's order should not be reversed on the technicality that he did not address Rule 16's good cause standard in his Objection to the Special Master's Recommendation. (*Id.* at 5.) He argues his Objection implicitly requested modification of the scheduling order and that Judge Mix found good caused existed in Mr. Wooley's potential prejudice from Indigo's post-deposition disclosures. (Doc. # 179 at 5 (citing Doc. # 175 at 5–7.)) Mr. Wooley also points out that Judge Mix extended the discovery cutoff in response to a motion (Doc. # 155) by Indigo. (Doc. # 176.)

The Court finds no clear error or abuse of discretion in Judge Mix's Order. As explained in *Martensen v. Koch*, 301 F.R.D. 562, 585 (D. Colo. 2014):

> Rule 30(a)(2)(A)(ii) provides "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and the deponent has already been deposed in the case." Whether to allow the additional examination of a party already deposed is within the discretion of the trial court. *Roberts v. State of Okl.*, 110 F.3d 74, 9 (10th Cir.1997) (citing *Building & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1496 (10th Cir.1993)). "[The court must allow additional [deposition] time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1); *see also Lammle v. Ball Aerospace &*

4

> *Technologies Corp.*, No. 11-cv-03248-MSK-MJW, 2013 WL 179200, at *1
> (D. Colo. Jan. 17, 2013) (granting defendant additional time to examine
> plaintiff regarding documents not disclosed in first deposition); *Kleppinger
> v. Texas Dept. of Transp.*, 283 F.R.D. 330, 332–33 (S.D. Tex. 2012)
> (examining the evolution of requirements imposed by the Federal Rules of
> Civil Procedure for a party seeking to re-depose another party). "The party
> seeking a court order to extend the examination, or otherwise alter the
> limitations, is expected to show good cause to justify such an order."
> Advisory Committee Note to the 2000 Amendment to Rule 30; *see also
> Kleppinger*, 283 F.R.D. at 333.

Thus, the Court agrees with Mr. Wooley that the Rule allows additional deposition time even absent sanctionable conduct by the opposing party. Therefore, it was not clearly erroneous for Judge Mix to permit a subsequent limited deposition of Ms. Raymond while also concluding that there was insufficient evidence to demonstrate Indigo engaged in sanctionable conduct. (Doc. # 175 at 5–7.)

Further, Judge Mix's Order allowing the re-examination of Ms. Raymond does not infringe upon Rule 26's repudiation of redundant or disproportionate discovery. Indigo argues that Ms. Raymond already provided written responses to interrogatories indicating that all the documents she relied upon in terminating Mr. Wooley were disclosed prior to her deposition. (Doc. # 178 at 6–7.) However, Mr. Wooley has reason to believe that some of the hundreds of documents disclosed following Ms. Raymond's deposition are relevant to the litigation at hand. (Doc. # 179 at 4.) Judge Mix concluded that—regardless of whether Indigo engaged in sanctionable conduct—Mr. Wooley will be prejudiced if he is not allowed to question Ms. Raymond regarding these post-deposition disclosures. (Doc. # 175 at 5–6.) This conclusion is not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

5

Finally, as discussed above, "the party seeking a court order to extend the examination, or otherwise alter the limitations [on depositions], is expected to show good cause to justify such an order." Advisory Committee Note to the 2000 Amendment to Rule 30. Although neither Mr. Wooley nor Judge Mix explicitly addressed Rule 16's good cause requirement, the potential prejudice to Mr. Wooley, sufficient in the opinion of Judge Mix to satisfy Rule 30(d)(1), is likewise sufficient to satisfy Rule 16. *See Fisher v. Martell*, 2020 WL 7055489, at *1 (D.Colo., 2020) (citing *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)). Therefore, the Court is not left with a "definite and firm conviction that a mistake has been made." *Ariza*, 167 F.R.D. at 133; see also *Fisher*, 2020 WL 7055489, at *1 ("Whether to modify a scheduling order 'to extend or reopen discovery is committed to the sound discretion' of the Court." (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987))).

## IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant Indigo Ag, Inc.'s Objection to the April 17, 2023 Magistrate Judge Order (Doc. # 178) is OVERRULED.

DATED: May 16, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge